Joiner v. Chartwells

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of June, two thousand twelve.

PRESENT:

> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

David Joiner,

> *Plaintiff-Appellant,*

-v.-                                                                 11-5463-cv

Chartwells, Compass Group NA,

> *Defendants-Appellees.*

_____

FOR APPELLANT:         David Joiner, pro se, West Hartford, Connecticut.

FOR APPELLEES:         Ben M. Krowicki, Sara S. Simeonidis, Bingham
                       McCutchen LLP, Hartford, Connecticut.

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Janet C. Hall, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the July 16, 2009, judgment of the district court and the district court's October 15, 2009, order are AFFIRMED.

Plaintiff-appellant David Joiner, pro se, appeals from the district court's May 7, 2007, order granting in part defendants-appellees' ("Chartwells") motion for summary judgment, the district court's July 16, 2009, judgment for the defendants, and the district court's October 16, 2009, order denying Joiner's motion for a new trial. More specifically, Joiner argues that (1) the district court erred by granting in part Chartwells's motion for summary judgment; (2) the judgment, following a jury verdict, should be reversed because (a) the district court failed to notify Joiner of the case's transfer to Judge Hall, and otherwise refused to rule on his motions for recusal; (b) the jury pool had only one African-American juror, subsequently stricken from the pool in violation of the rule set forth in *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991); and (c) the district court's supplemental instruction confused the jury as to whether the jury had to find that Joiner was actually discriminated against on the basis of his race, or merely believed that he was the victim of discrimination. Finally, Joiner argues that (3) the district court erroneously denied his Rule 59 motion for a new trial because (a) the verdict was against the weight of the evidence; (b) Chartwells's counsel's inappropriate comment regarding the case's procedural history required the declaration of a mistrial; and (c) the district court unfairly excluded probative evidence regarding Joiner's knowledge that a Chartwells supervisor had used a racial epithet against another employee. These arguments are without merit. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

2

(1) By order dated July 15, 2010, this Court dismissed Joiner's appeal with respect to his challenge to the district court's May 2007 grant of partial summary judgment for Chartwells because that appeal "lack[ed] an arguable basis in law or fact." Under the law of the case doctrine, "this Court will adhere to its own decision at an earlier stage of the litigation." *United States v. Plugh*, 648 F.3d 118, 123 (2d Cir. 2011) (internal quotation marks omitted). Joiner fails either to present any argument that his case falls within an exception to this principle, or to identify any reason why we should revisit our earlier order. We therefore decline to reexamine the merits of this claim. *See SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 336 (2d Cir. 2004) (declining to revisit an earlier decision where the party seeking reconsideration failed to present cogent or compelling reasons to ignore the law of the case doctrine).

(2) Joiner's challenges to the jury's verdict, offered for the first time on appeal, are also without merit. (a) Joiner's claim that he was not notified that the case had been transferred back to Judge Hall for trial is belied by the docket of the case, which contains an order re-assigning the case to Judge Hall. Joiner's counsel did not object to the reassignment, and Joiner has shown no prejudice from the assignment of the trial to Judge Hall, who had presided over the case since its inception. Joiner's claim that the district court refused to rule on his recusal motions is similarly without merit. The record reveals that Joiner moved not for recusal, but merely for transfer of the case from Bridgeport to Hartford. In any event, Joiner failed to show any "deep-seated favoritism or antagonism that would [have] ma[d]e fair judgment impossible," and thus did not establish a basis for Judge Hall's recusal. *See Litkey v. United States*, 510 U.S. 540, 555 (1994).

3

(b) Joiner, who was represented by counsel at trial, failed to raise any challenge to the racial composition of the jury. As a consequence, the record contains little or no evidence regarding the racial composition of the jury pool or the reasons for defense counsel's challenge to the juror Joiner now alleges was the only African-American in the jury pool. Because Joiner failed to raise the issue below, and because the record is therefore inadequate to address it here, we will not now consider the issue. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006).

(c) Joiner's claim that the district court erred in its supplemental instructions to the jury is also without merit. The district court properly instructed the jury as to the elements of a retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 20001 *et seq. See Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749, 758 (2d Cir. 2004); *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998).

(3) We also reject Joiner's attacks on the district court's denial of his Rule 59 motion for a new trial. (a) On March 21, 2011, this Court dismissed Joiner's appeal with respect to his argument that the jury's verdict was against the weight of the evidence. For the same reasons discussed above with respect to the summary judgment appeal, we will not revisit this decision.

(b) We review the denial of a Rule 59 motion for abuse of discretion. *See India.com, Inc. v. Dalal*, 412 F.3d 315, 320 (2d Cir. 2005). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997) (internal quotation marks and alterations omitted). Applying this standard, the district court's conclusion that defense counsel's question regarding the earlier dismissal of

4

Joiner's discrimination claims – "egregious" though it was, to use the district court's apt description – did not deny Joiner a fair trial was well within the court's discretion. Particularly given that the district court immediately struck the question, admonished counsel, and gave a curative instruction to the jury, counsel's single question cannot be said to have "infect[ed the] trial with undue prejudice or passion as to require reversal." *Reilly v. Natwest Mkts. Grp., Inc.*, 181 F.3d 253, 271 (2d Cir. 1999) (internal quotation marks omitted); *see also Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 125 (2d Cir. 2005) (holding that three series of erroneous questions did not warrant a new trial); *Elliott v. Maggiolo Corp.*, 525 F.2d 439, 442-43 (2d Cir. 1975) (holding that counsel's "most reprehensible" reference to excluded evidence after a warning was not grounds for reversal where the district court issued a "strong reprimand" and curative instruction).

(c) Finally, the district court did not abuse its discretion by excluding testimony under Federal Rule of Evidence 403 regarding another employee's experiences with alleged management discrimination, and properly concluded that the testimony's probative value was outweighed by its potential prejudice. *See Lore v. City of Syracuse*, 670 F.3d 127, 173 (2d Cir. 2012) (holding that the district court's Rule 403 exclusion of testimony regarding another employee's experience was not an abuse of discretion).

We have considered Joiner's remaining arguments and find them to be without merit. For the foregoing reasons, the July 16, 2009, judgment of the district court and the district court's October 15, 2009, order are hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk